**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BENITO AGUIRRE-LEON,

    Defendant-Appellant.

No. 05-3247
(D.C. Nos. 04-CV-3303-JWL &
03-CR-20135-JWL)
(Kansas)

**ORDER**

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Benito Aguirre-Leon, a federal prisoner proceeding *pro se*, seeks a
certificate of appealability (COA) from our court to challenge the district court's
dismissal of his 28 U.S.C. § 2255 petition.[1] We exercise jurisdiction pursuant to
28 U.S.C. §§ 1291, 2253(c) and conclude jurists of reason would not find
debatable the district court's rejection of Mr. Aguirre-Leon's request for relief.
We therefore deny his application for a COA.

Mr. Aguirre-Leon entered a guilty plea in federal court to the charge of

---

[1]Because Mr. Aguirre-Leon is proceeding *pro se*, we construe is pleadings and
submissions to this court liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

unlawful entry of a previously deported alien. *See* 8 U.S.C. §§ 1326(a), (b)(2). The plea agreement included a waiver of Mr. Aguirre-Leon's right to appeal or collaterally attack his conviction and sentence. Nonetheless, Mr. Aguirre-Leon subsequently filed a motion in district court to challenge his sentence under 28 U.S.C. § 2255, claiming his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004).

The district court denied Mr. Aguirre-Leon's motion on two separate grounds.

First, the court noted that Mr. Aguirre-Leon's waiver of his right to appeal or collaterally attack his conviction and sentence was enforceable pursuant to *United States v. Hahn*, 359 F.3d 1315, 1324-25 (10th Cir. 2004) (*en banc*), Despite Mr. Aguirre-Leon's general failure to raise any valid argument otherwise, the district court, in an abundance of caution, addressed the factors laid out in *Hahn* to determine there were no grounds upon which Mr. Aguirre-Leon could contend his wavier should not be enforced. Second, the court noted that even if Mr. Aguirre-Leon could sidestep his waiver and bring the instant § 2255 action, his *Blakely* argument is precluded on the merits. The court referenced our decision in *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005), where we expressly held that *Blakely* does not apply retroactively to a § 2255 petition.

A COA should issue only where "the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 332, 327 (2003). Similarly, if a district court dismisses a habeas petition on procedural grounds, a COA may issue only when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on our review of the district court's ruling, the record on appeal, and Mr. Aguirre-Leon's submissions to our court, we are not persuaded jurists of reason would find debatable the district court's dismissal of Mr. Aguirre-Leon's petition.

We therefore **DENY** Mr. Aguirre-Leon's application for a COA and **DISMISS** his appeal.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge